UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00257-MR

| | | |
|---|---|---|
| JOHNATHAN A. FULLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| FNU SHEPPARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment [Doc. 18], which the Court will construe as a motion for entry of default, and Defendant's Motion to Have Answer Deemed Timely Filed [Doc. 19].

Pro se Plaintiff Johnathan A. Fuller ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina. On November 29, 2021, he filed this action pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff's Eighth and Fourteenth Amendment claims against Defendants Sheppard and Honeycutt survived initial review in accordance with the Court's Order. [Doc. 9]. On January 7, 2022, Defendants waived service, making their answers due by March 8, 2022. [Doc. 15; 1/7/2022 Docket Entry]. Defendants moved for

and were granted an extension of time to answer the Complaint until April 7, 2022. [Doc. 17; 3/9/2022 Text Order].

On April 25, 2022, after Defendants failed to answer Plaintiff's Complaint, Plaintiff filed the instant motion for entry of default on the ground that Defendants failed "to respond within the time allowed." [Doc. 18]. On review of the docket on Plaintiff's filing this motion, the Court learned that despite having filed documents on Defendants' behalf, defense counsel was not listed on the docket and had not received notifications of any filings or orders of the Court in this case. The next morning, after defense counsel was alerted by the Clerk of the problem with the docket notifications, Defendants filed the instant motion to deem answer timely filed [Doc. 19], a supporting memorandum [Doc. 20], and an Answer [Doc. 21].[1] In support of the motion to deem the Answer timely filed, defense counsel states that at the time he moved for additional time to answer the Complaint, he did not yet have authority to represent Defendants under the Defense of State Employees Act. He therefore, filed the motion in ECF in a manner he believed would allow him to receive notifications of filings in the case but not appear on Defendants' behalf. [Doc. 19 at 3]. Nonetheless, he did not

---

[1] In the Answer, Defendants provided their true full names. The Court will direct the Clerk to update the docket accordingly. [See Doc. 21].

2

receive notifications of filings through ECF because, as he later learned, the "notice only check box does not allow notice to be sent unless the filer also checks the other boxes affirming representation." [Doc. 20 at 9]. Counsel, therefore, did not receive notice of the Court's Order granting the extension of time to answer and did not calendar the Answer's new due date. [Id.]. Counsel now has authority to represent Defendants and promptly filed the instant motion and Defendants' Answer. [Doc. 19 at 3]. Defendants contend that the delay in answering the Complaint was minimal, inadvertent, and of no fault of Defendants. [Id.; Doc. 20 at 9].

For good cause shown, the Court will grant Defendants' motion to deem the Answer timely filed and deny Plaintiff's motion for entry of default, as an Answer has now been filed.

### ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment [Doc. 18] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Have Answer Deemed Timely Filed [Doc. 19] is **GRANTED** and Defendants' Answer [Doc. 21] is deemed timely filed.

The Clerk is respectfully instructed to update the docket in this matter to reflect the true full name of Defendant FNU Sheppard as Nathaniel

Sheppard and the true full name of Defendant R. Honeycutt as Ronnie Honeycutt.

**IT IS SO ORDERED.**

Signed: May 11, 2022

Martin Reidinger
Chief United States District Judge

4

Case 1:21-cv-00257-MR   Document 24   Filed 05/11/22   Page 4 of 4